**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| COLLEEN LONG, Individually and on behalf of all others similarly situated, | : : : | 3:21-cv-277<br>CASE NO.: _____ |
| Plaintiff, | : : | |
| | : | JUDGE: Walter H. Rice |
| v. | : : | |
| ADCARE EMPLOYEE LEASING, LLC, | : : : | |
| -and- | : : | COLLECTIVE AND CLASS ACTION COMPLAINT |
| UVMC NURSING CARE, INC., dba KOESTER PAVILION, | : : : : | |
| Defendants. | : | **JURY DEMANDED** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Colleen Long ("Plaintiff Long") on behalf of herself and all current and former non-exempt employees (hereinafter "the Putative Class Members") who jointly worked for Adcare Employee Leasing, LLC ("Defendant Adcare") and UVMC Nursing Care, Inc. dba Koester Pavilion ("Defendant Koester") (collectively, "Defendants") at any time from approximately September 30, 2018, through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to Sections 203, 207, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b). Plaintiff and the Putative Class Members seek all available relief under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et seq., ("the Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while their additional state-law claims are asserted as a collective action under O.R.C. § 4111.14(K). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I. INTRODUCTION

1. Plaintiff and the Putative Class Members seek to recover unpaid overtime wages that Defendants jointly owe to them and have failed to pay, in violation of 29 U.S.C. § 207 of the FLSA.

2. Accordingly, Plaintiff brings this action on behalf of herself and the Putative Class Members who jointly worked for Defendants at any time from approximately September 30, 2018, through the final disposition of this matter, to recover unpaid overtime wages and related damages.

3. Plaintiff also prays that the Putative Class Members be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

4. Plaintiff also prays that the Collective Action is certified pursuant to Section 216(b) of the FLSA and Section 4111.14(k) of the Ohio Wage Act and the Ohio Constitution.

## II. JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

6. This Court has supplemental jurisdiction over Plaintiff's and the Putative Class Members' Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's and the Putative Class Members' claims under the FLSA that they form part of the same controversy.

7. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred within Miami County, Ohio, and Defendants maintain a joint place of business and reside in this district.

## III. THE PARTIES

8. Plaintiff Colleen Long is an adult resident of Troy, Ohio residing at 1102 Skylark Drive, Troy, Ohio 45373 (Miami County) and a current Licensed Practical Nurse (LPN) jointly employed by Defendants. Plaintiff Long has given her written consent to bring this action to collect unpaid wages under the FLSA and the Ohio Wage Acts. Plaintiff Long's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit 1**.

9. The Putative Class Members are those current and former employees jointly employed by Defendants as LPNs, STNAs and RNs at any time from approximately September 30, 2018, through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

10. Defendant Adcare Employee Leasing, LLC ("Defendant Adcare") is a foreign for-profit limited liability company registered in the State of Georgia and is currently doing business at 3232 North County Road 25A, Troy, Ohio 45371 (Miami County). Process may be served upon its registered agent, CT Corporation System at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

11. Defendant UVMC Nursing Care, Inc., dba Koester Pavilion ("Defendant Koester") is a domestic nonprofit corporation registered in the State of Ohio and is currently doing business at 3232 North County Road 25A, Troy, Ohio 45371 (Miami County). Process may be served upon its registered agent, Geoffrey P. Walker at 110 North Main Street, Suite 900, Dayton, Ohio 45402.

## IV. STATEMENT OF FACTS

12. During all times material to this complaint, Defendants jointly acted directly or indirectly, in the interest of an employer with respect to the Plaintiff and the Putative Class Members.

13. During all times material to this complaint, Defendants were a joint "employer" within the meaning of the FLSA, the Ohio Constitution and the Ohio Acts.

14. During all times material to this complaint, Defendants were a joint enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said joint enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15. During all times material to this complaint, Defendants jointly operated a joint enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(B) of the FLSA in that said enterprise is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution (regardless of whether or not such hospital or institution is public or private or operated for profit or not for profit).

16. During all times material to this complaint, Plaintiff and the Putative Class Members have been Defendants' joint employees pursuant the Ohio Constitution and the Ohio Acts and have been individual joint employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

17. As a matter of economic reality, Defendants jointly employed Plaintiff and the Putative Class Members at their facility located at 3232 North County Road 25A, Troy, Ohio 45371 (the "Facility").

18. During all times material to this complaint, Defendants jointly operated the Facility.

19. During all times material to this complaint, Defendants have jointly had significant operational control of all or at least significant aspects of the day-to-day operations of the Facility.

20. During all times material to this complaint, Defendants have jointly made decisions in regard to significant aspects of the day-to-day functions of the Facility.

21. During all times material to this complaint, Defendants have had the joint authority to hire and fire employees, including Plaintiff and the Putative Class Members.

22. During all times material to this complaint, Defendants jointly and directly supervised Plaintiff and the Putative Class Members and jointly controlled their work schedule and employment conditions.

23. During all times material to this complaint, Defendants have had the joint ability to set and determine the method and rate of Plaintiff's and the Putative Class Members' compensation.

24. On or around approximately September 30, 2018, Defendants jointly hired the Plaintiff to work as an LPN at their primary facility located at 3232 North County Road 25A, Troy, Ohio 45371.

25. Upon information and belief, Defendants are a skilled care unit and long-term facility operating out of their primary facility located at 3232 North County Road 25A, Ohio 45371.

26. As LPNs, Plaintiff and the Putative Class Members primary job duties were to monitor patient's vitals and record them in their file, maintain the cleanliness and comfort of each patient, including bathing, feeding and dressing, assist nursing and medical staff with basic medical tasks, such as administering medication, update patient records in a confidential manner, evaluate the patients' wellbeing and report any needs to medical staff, explain treatments and procedures to patients and their families, change dressings and bandages to ensure that patients are healing properly, and move patients from wheelchairs, beds, and gurneys.

27. Defendants jointly employed Plaintiff and the Putative Class Members to work at varying times, according to whatever shift they were assigned, throughout the workday.

28. Plaintiff's and the Putative Class Members' shifts were regularly scheduled at varying times throughout the day depending on if they worked first, second, or third shift. Thus,

Plaintiff's and the Putative Class Members' shifts could vary from 9:00 am to 5:00 pm, 5:00 pm to 1:00 am, and 12:00 am to 8:00 am.

29. However, as Plaintiff and the Putative Class Members often worked only three (3) or four (4) days a week while regularly working more than forty (40) hours in a workweek for nearly all of the time they worked for Defendants, Plaintiff and the Putative Class Members also worked the first, second, or third shift in eight (8) to twelve (12) hour shifts.

30. If the Plaintiff or any of the Putative Class Members were to work another shift other than their originally assigned shift, they received non-discretionary shift differential pay for all hours worked.

31. However, Defendants jointly failed to incorporate the various non-discretionary shift differential pay rates into the determination of Plaintiff's and the Putative Class Members' regular rate for purposes of calculating their overtime rate for all hours worked in excess of forty (40) in a given workweek.

32. As a result of this joint failure to incorporate the various non-discretionary shift differential pay rates into the determination of Plaintiff's and the Putative Class Members' regular rate for purposes of calculating their overtime rate for all hours worked in excess of forty (40) in a given workweek, Plaintiff and the Putative Class Members were deprived of duly earned overtime pay at the proper overtime rate.

33. Indeed, Defendants jointly would only pay Plaintiff and the Putative Class Members at one-and-one-half times their base hourly rate for all hours worked in excess of forty (40) in a workweek, jointly failing to incorporate the enhancing effects the non-discretionary shift differential pay rates have on Plaintiff's and the Putative Class Members' regular rate for purposes of calculating their overtime pay.

34. As LPNs, Plaintiff and the Putative Class Members were hourly, non-exempt joint employees of Defendants.

35. Defendants jointly, knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime wages with respect to the Plaintiffs and the Putative Class Members in this action.

## V. CAUSES OF ACTION

### COLLECTIVE ACTION ALLEGING FLSA VIOLATIONS

#### A. FLSA COVERAGE

36. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

37. The FLSA Collective is defined as:

**All Licensed Practical Nurses (LPNs) who have been employed by Adcare Employee Leasing, LLC, at any time from September 30, 2018, through the final disposition of this matter. ("FLSA Collective" or "FLSA Collective Members").**

38. Plaintiff reserves the right to amend and refine the definition of the class she seeks to represent based upon further investigation and discovery.

39. At all times hereinafter mentioned, Defendants have been a joint enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

40. At all times hereinafter mentioned, Defendants have been a joint enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that said enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

41. During all times relevant to this complaint, Defendants jointly operated a joint enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(B) of the FLSA in that said enterprise is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution (regardless of whether or not such hospital or institution is public or private or operated for profit or not for profit).

42. During the respective periods of Plaintiff's and the FLSA Collective Members' joint employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

43. In performing the operations hereinabove described Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

44. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt joint employees of Defendants who assisted patients, wherever they were from. 29 U.S.C. § 203(j).

45. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual joint employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

46. The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 37.

47. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

48. Collective action treatment of Plaintiff's and the FLSA Collective Members' claims is appropriate because Plaintiff and the FLSA Collective Members have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims

depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants jointly satisfied the FLSA's requirements for payment of the statutory overtime wages.

49. Further, Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the Putative FLSA Collective Members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

50. The Plaintiff and the FLSA Collective Members have been similarly affected by the joint violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to avoid paying all earned minimum wages.

51. Plaintiff is similarly situated to the FLSA Collective Members and will prosecute this action vigorously on their behalf.

52. Plaintiff intends to send notice to all the FLSA Collective Members pursuant to Section 216(b) of the FLSA. The names and addresses of the FLSA Collective Members are available from Defendants' joint records.

## CLASS ACTION ALLEGATIONS

53. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

54. Plaintiff brings her Ohio Acts claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> **All Licensed Practical Nurses (LPNs) who have been employed by Adcare Employee Leasing, LLC, at any time from September 30, 2018, through the final disposition of this matter. ("Ohio Acts Class" or "Ohio Acts Class Members").**

55. Class action treatment of Plaintiff's Ohio Acts claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure's 23 class action requisites are satisfied.

56. The Ohio Acts Class, upon information and belief, includes over 70 individuals, all of whom are readily ascertainable based on Defendants' standard joint payroll records and are so numerous that joinder of all class members is impracticable.

57. Plaintiff is a member of the Ohio Acts Class, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

58. Plaintiff and Plaintiff's counsel will fairly and adequately represent the class members and their interests.

59. Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendants' joint and companywide pay policies. The legality of these joint policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

60. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

<u>COUNT I</u>
**FAIR LABOR STANDARDS ACT ("FLSA")**
**FAILURE TO PAY OVERTIME WAGES**

61. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

62. During the time period from approximately September 30, 2018, to the present, Defendants were and are the joint employers of the Plaintiff and FLSA Collective Members within the meaning of 29 U.S.C. § 203(d).

63. During the time period from approximately September 30, 2018, to the present, Plaintiff and the FLSA Collective Members were jointly employed by Defendants within the meaning of 29 U.S.C. § 203(e)(1).

64. During the time period from approximately September 30, 2018, to the present, Defendants jointly employed Plaintiff and the FLSA Collective Members within the meaning of 29 U.S.C. § 203(g).

65. During the time period from approximately September 30, 2018, to the present, Defendants were joint employers subject to the FLSA.

66. During all times material to this Complaint, Plaintiff and the FLSA Collective Members have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

67. Defendants, as described above, jointly violated the FLSA, 29 U.S.C. § 207, by failing to pay Plaintiff and the FLSA Collective Members at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

68. Plaintiff and the FLSA Collective Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of the Complaint.

69. At all times material to this Complaint, Defendants jointly employed Plaintiff and the FLSA Collective Members to work as LPNs in furtherance of their joint business of providing skilled nursing and assisted living out of its primary facility located at 3232 North County Road 25A, Ohio 45371.

70. At all times material to this Complaint, Defendants jointly and regularly employed Plaintiff and the FLSA Collective Members to work more than forty (40) hours in a workweek.

71. At all times material to this Complaint, Plaintiff and the FLSA Collective Members did not receive one and one-half times their regular rate for any hours they worked more than forty (40) in a workweek as compensation at an hourly rate for all hours worked.

72. At all times material to this Complaint, Defendants jointly violated the FLSA by repeatedly failing to pay Plaintiff and the FLSA Collective Members the legally mandated overtime premium rate at no less than one and one-half Plaintiff's and the FLSA Collective Members' regular pay rate for all hours worked in excess of forty (40) in a workweek.

73. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants jointly and willfully withheld and failed to pay the overtime compensation to which Plaintiff and the FLSA Collective Members are entitled.

74. Defendants jointly and willfully violated and continue to jointly and willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

### COUNT II
### OHIO WAGE ACT
### FAILURE TO PAY OVERTIME WAGES

75. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

76. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

77. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

78. At all times relevant to this Complaint, Defendants were joint "employers" covered by the Ohio Wage Act and have been thus required to comply with its mandates.

79. At all times relevant to this Complaint, Plaintiff and the Ohio Acts Class Members were covered "employees" of Defendants pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

80. At all times relevant to this Complaint, Defendants jointly violated the Ohio Wage Act by repeatedly failing to compensate Plaintiff and the Ohio Acts Class Members for all hours worked at the appropriate pay rate, including Defendants' repeated action of refusing to compensate Plaintiff and the Ohio Acts Class Members for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

81. Indeed, at all times relevant to this Complaint, Plaintiff and the Ohio Acts Class Members did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

82. At all times relevant to this Complaint, Defendants jointly violated the Ohio Wage Act by repeatedly failing to pay Plaintiff and the Ohio Acts Class Members the legally mandated overtime premium at a rate no less than one and one-half Plaintiff's and the Ohio Acts Class Members' regular pay rate for all hours worked in excess of forty (40) in one workweek.

83. Plaintiff and the Putative Class Members are not exempt from the wage protections of Ohio Law. During relevant times, Plaintiff and the Putative Class Members were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0 *et seq*.

84. In violating the Ohio Wage Act, Defendants' joint acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

85. Plaintiff and the Ohio Acts Class Members are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendants' joint violations of O.R.C. § 4111.03, by which the Plaintiff and the Putative Class Members have suffered and continue to suffer damages.

### COUNT III
### OHIO PROMPT PAY ACT
### FAILURE TO PROMPTLY PAY WAGES

86. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

87. At all times relevant to this Complaint, Defendants were Plaintiff's and the Ohio Acts Class Members' joint "employers" and were required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

88. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

89. At all times material to this Complaint, Defendants have jointly refused to pay Plaintiff and the Ohio Acts Class Members all owed overtime wages at one and one-half (1 ½) times their normal hourly rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

90. Plaintiff and the Ohio Acts Class Members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

91. Defendants' joint violations of the OPPA have been of a willful, intentional, or bad faith nature or have otherwise exhibited a reckless disregard of the OPPA's provisions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter the following relief:

A. For an Order certifying the FLSA Collective as defined in Paragraph 37 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. For an Order certifying the Ohio Class, under Ohio law, as defined in Paragraph 54 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class action members;

C. Designating Plaintiff as representative for the Class and designating Plaintiff's counsel as counsel for the Class;

D. Issuing proper notice to the class at Defendants' expense;

E. Expectation and damages for all missed payments taken from or applied to Plaintiff's and the Putative Class Members' pay;

F. An order awarding Plaintiff, the FLSA Collective Members and the Ohio Acts Class back pay equal to the amount of all unpaid overtime pay for three (3) years preceding the filing of this complaint to the present, plus an additional equal amount in liquidated damages;

G. Pursuant to O.R.C. § 4111.14(J), an order awarding an amount set by the court sufficient to compensate Plaintiff and the Ohio Class Members and deter future joint violations by the Defendants of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

H. Awarding Plaintiff and the Ohio Class Members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

I. An order enjoining Defendants from retaliating, via discrimination, against Plaintiff, the FLSA Collective Members, and the Ohio Class Members for their engaging in the protected action of complaining about pay practices;

J. An order awarding attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

K.	Any other relief to which the Plaintiff, the FLSA Collective Members, and the Ohio Class Members may be entitled.

Dated: October 7, 2021.				Respectfully Submitted,

/s/*Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Brian R. Noethlich (OH Bar No. 0086933)
**BARKAN MEIZLISH DEROSE, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com
bnoethlich@barkanmeizlish.com

/s/*Samuel M. Schlein*
Samuel M. Schlein (0092194)
**MARSHALL AND FORMAN LLC**
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
Phone: (614) 463-9790
Fax: (614) 463-9780
sschlein@marshallforman.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

/s/*Robert E. DeRose*